UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WARM SPRINGS ROAD CVS, L.L.C.,

Plaintiff,

v.

SS MANAGEMENT, L.L.C.,

Defendant.

Case No. 3:24-cv-00467-MMD-CLB

ORDER

## I. SUMMARY

This removed breach-of-contract action arises from a dispute over a new parking system implemented on commercial property in Stateline, Nevada. (ECF No. 1 at 17-23 ("Complaint").) Plaintiff Warm Spring Roads CVS, L.L.C. ("CVS") filed a motion to remand on the basis that removal is untimely and improper under 28 U.S.C. § 1441(b)(2) because Defendant SS Management, L.L.C. ("SSM") is a forum defendant. (ECF No. 8 ("Motion")[1].) The Court finds that removal violates the forum defendant rule, and grants Plaintiff's Motion on that basis without reaching the parties' other arguments.

## II. BACKGROUND

Plaintiff CVS is a limited liability company organized in Nevada with a single managing member, CVS Pharmacy, Inc. ("CVS Pharmacy"). (ECF Nos. 1, 17.) CVS Pharmacy is a Delaware corporation with its principal place of business in Rhode Island, making Plaintiff a citizen of those states for diversity jurisdiction purposes.[2] (ECF Nos. 1 at 4-6, 17.) *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990) (holding that a limited

[1]The Court ordered expedited briefing, given the state court's prior rulings granting preliminary relief. (ECF No. 11.) Defendant filed a corrected response to the Motion (ECF No. 16) and Plaintiff replied (ECF No. 18).

[2]In its filings, Defendant varyingly refers to Plaintiff as a citizen of Delaware, Rhode Island, and Connecticut. There is no dispute, however, that CVS is not a Nevada citizen.

liability company is a citizen of the states of each of its managing members). Defendant SSM is a limited liability company with two Nevada managing members, and thus a citizen of Nevada. (ECF Nos. 1 at 4-6, 17.) SSM leases real property to CVS in Stateline, Nevada, adjacent to Harrah's Lake Tahoe Hotel and Casino, where CVS operates a retail store and pharmacy. (ECF No. 1 at 18-39.)

CVS filed its original verified complaint in Nevada's Ninth Judicial District on July 16, 2024[3], seeking damages "in excess of Fifteen thousand Dollars," as well as injunctive relief. (*Id.* at 17-23.) CVS alleges that SSM—the sole named defendant—has violated the terms of the parties' commercial lease by implementing a new "pay-to-park" system, interfering with CVS's ability to provide store access to employees, vendors, and customers. (*Id.* at 19-20.) SSM filed a motion to dismiss in state court on August 16, asserting that it had not been properly served. (ECF No. 17.) On September 23, the state court granted Plaintiff's second application for a temporary restraining order and ordered SSM to provide free access to the parking lot pending further action from the court, later extending the temporary restraining order until October 14, 2024, when a preliminary injunction hearing was scheduled. (ECF Nos. 8 at 2, 17.) On October 10, several days before the preliminary injunction hearing, SSM removed this action on the basis of diversity jurisdiction.[4] (ECF No. 1.)

On October 14, CVS moved to remand, asserting that removal is improper under 28 U.S.C. § 1441 because SSM is a forum defendant, as well as untimely under 28 U.S.C. § 1446(b). (ECF No. 8.) The Court granted CVS's request for expedited briefing. (ECF No. 11.)

///

---

[3]In the Complaint, CVS refers to itself as a "Nevada limited liability company" without referring to its managing member, CVS Pharmacy, or CVS Pharmacy's citizenship. (ECF No. 1 at 17-18.)

[4]SSM submitted a civil cover sheet stating that the Court has federal question jurisdiction, but SSM's removal papers make clear that it meant to invoke diversity jurisdiction.

## III. DISCUSSION

CVS argues that SSM's removal violates the forum defendant rule set out in 28 U.S.C. § 1441(b)(2) because SSM is a citizen of Nevada—the state in which Plaintiff filed the action. (ECF No. 8.) SSM primarily responds that because it removed the action after the Complaint was filed but before SSM was properly served—a so-called "snap removal"—Section 1441(b)(2) does not apply to bar removal. (ECF No. 16.) The Court agrees with CVS that SSM's removal is improper under the forum defendant rule, regardless of the timing of service. Because the Court finds that the forum defendant issue is dispositive, the Court does not reach the question of whether SSM's removal was timely.

A party asserting federal subject matter jurisdiction based on diversity must show complete diversity of citizenship between opposing parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). In addition to these jurisdictional requirements, 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." This forum defendant rule limits removal "to instances where no defendant is a citizen of the forum state" in part because any need to protect out-of-state defendants from prejudice is absent when a defendant is litigating in their home state. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). *See also Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1017 (D. Nev. 2021). The forum defendant rule is procedural rather than jurisdictional. *See Lively*, 456 F.3d at 936. Thus, while a court may not sua sponte remand for a violation of Section 1441(b)(2), a plaintiff may "either move to remand the case to state court within the 30-day time limit [for contesting a procedural violation of the removal statute], or allow the case to remain in federal court by doing nothing." *Id.* at 940. *See* 28 U.S.C. § 1441(c) (requiring that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing

of the notice of removal"). This "allows the plaintiff to regain some control over forum selection." *Lively*, 456 F.3d at 940. Although the forum defendant rule is procedural, violation of the rule is one of the "more substantive removal defects." *Id.* at 939.

There is no dispute that the sole defendant in the instant action, SSM, is a citizen of the state of Nevada and is therefore a forum defendant for removal purposes. There is also no dispute that Plaintiff filed the Motion within 30 days of the notice of removal, and thus complied with the statutory time frame to raise a procedural violation. *See* 28 U.S.C. § 1441(c). SSM's only argument against application of the forum defendant rule is that it removed to federal court *before* proper service of the summons and Complaint, and that this snap removal prevents remand regardless of SSM's Nevada citizenship. *See* 28 U.S.C. § 1441(b)(2) (providing that removal is improper where any party "properly *joined and served*" is a forum defendant) (emphasis added). Even assuming, without deciding, that SSM in fact had not been properly served at the time of removal[5], the Court finds that the forum defendant rule nevertheless applies and makes remand appropriate.

The Ninth Circuit has never explicitly decided whether or to what extent defendants may turn to the practice of pre-service snap removal to avoid remand under Section 1441(b)(2). *See Casola v. Dexcom, Inc.*, 98 F.4th 947, 964 n. 17 (9th Cir. 2024). Recently, in *Casola*, the Ninth Circuit declined to disturb a district court's finding that a single named defendant violated the forum Defendant rule by attempting a pre-service removal, noting that appellate courts do not have authority to review such grants of remand. *See id.* at 963-64 ("Unlike the question of the legal effect of a premature notice of removal . . . the snap removal question goes to the correctness of the remand orders [and is thus unreviewable under Section 1447(d)]."). While it did not reach the snap removal issue, the *Casola* court acknowledged that several other circuits have explicitly found that "1441(b)(2), by its plain text, permits snap removals—notwithstanding counterarguments that the basic premise of diversity jurisdiction is to protect non-forum litigants from

---

[5]CVS "vehemently disputes" this assertion and further insists that SSM has deliberately attempted to skirt service. (ECF No. 8 at 7.)

potential state court bias toward in-forum litigants." *Id.* at 964 n. 17. Even the circuits which have endorsed the practice, however, do not uniformly endorse an unrestricted opportunity for defendants to compete in a removal race. *See Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020) (finding that "[a] *non-forum* defendant may remove an otherwise removable case" before a named forum defendant is served, without extending the finding to permit *forum* defendants to remove prior to service) (emphasis added). *See also Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d 313, 318-19 (D. Mass. 2013) (reading an assumption into the removal statute that at least *one* defendant must have been properly served before a snap removal is proper).

While *Casola* involved a single named forum defendant, snap removals most often arise in diversity actions involving multiple defendants, one or more of whom is not a forum resident. Courts in this district have largely agreed that snap removals under those circumstances are impermissible. *See U.S. Bank Nat'l Ass'n as Tr. for Certificateholders of Harborview Mortg. Loan Tr. 2005-08 v. Fid. Nat'l Title Grp., Inc.*, 604 F. Supp. 3d 1052, 1056 (D. Nev. 2022) (finding, in an action involving multiple forum- and non-forum defendants, that a defendant who filed a notice of removal prior to service nevertheless violated Section 1441(b)(2) and noting that the majority of judges in the District of Nevada "have considered its removals in dozens of nearly identical suits—[and] have repeatedly held that this practice is impermissible"). *But see U.S. Bank, N.A. as Tr. to Wachovia Bank Nat'l Ass'n v. Fid. Nat'l Title Grp., Inc.*, Case No. 2:21-CV-00339-GMN-VCF, 2021 WL 5566538, at *2 (D. Nev. Nov. 29, 2021) (reading Section 1441(b)(2) to permit a non-forum defendant to remove an action, in which forum defendants were also named, where those forum defendants had not yet been served). This Court has itself previously analyzed Section 1441(b)(2) in detail. *See Deutsche Bank*, 532 F. Supp. 3d at 1011-14. In doing so, the Court has concluded that the statute's meaning is ambiguous and that its history does not support a reading permitting snap removal, while also finding that even if the statute is unambiguous, snap removal is impermissible because it produces absurd results. *See id.*

Here, for the same reasons of statutory construction explained in *Deutsche Bank*, the Court finds that there is no loophole for SSM's snap removal under Section 1441. *See id*. SSM's arguments to the contrary and attempts to distinguish this case from *Deutsche Bank* and other cases in this district are unpersuasive. While SSM asserts that this case presents a novel issue because it involves a *single* forum defendant, rather than multiple defendants, that distinction weakens rather than strengthens SSM's argument. The "basic premise of diversity jurisdiction is to protect non-forum litigants from potential state court bias toward in-forum litigants," *Casola*, 98 F.4th at 964 n. 17, and where an action involves only a single named forum defendant and no non-forum defendants, the risk of state court bias is at its lowest and the rationale for the forum defendant rule is at its clearest. The risk of improper joinder—a separate but intertwined issue—is also absent when the claims in an action involve only a forum defendant. *See Deutsche Bank*, 532 F. Supp. 3d at 1014 (D. Nev. 2021) (explaining that the "properly joined and served" language in Section 1441(b)(2) is best read to mean only that the section "provides a narrow carve-out to the forum defendant rule to protect defendants against gamesmanship from plaintiffs who fraudulently join a defendant to improperly prevent removal").

SSM also seeks to distinguish this case on the basis that here, *no* defendant has been served, while courts in the district have generally granted remand when at least one defendant had generally already been served. (ECF No. 16 at 6.) To support this position, SSM largely points to two outlier unreported decisions denying remand prior to service. *See MetLife Home Loans, LLC v. Fid. Nat'l Title Grp., Inc.*, Case No. 2:20-CV-01798-GMN-VCF, 2021 WL 4096540, at *3 (D. Nev. Sept. 8, 2021); *U.S. Bank*, 2021 WL 5566538. The Court does not find the underlying analysis of the removal statute in those cases persuasive. More broadly, however, SSM conflates caselaw involving the concern that defendants will be unfairly disadvantaged by 30-day statutory removal periods—a concern which is inapposite here given the purported lack of service to start that statutory

clock in the first place—with separate concerns surrounding pre-service removal.[6] Of course, service marks the formal beginning of an action against a given defendant and imposes procedural deadlines. But it is unclear why this should justify a particularly permissive opportunity for SSM to remove, especially because in an action against a *sole* forum defendant, service in effect completes the initiation of the entirety of the action *and* implicates Section 1441(b)(2) at the same time. In other words, at no moment in time would it be possible for the action to exist against *any* defendant without violating the forum defendant rule. *Compare U.S. Bank*, 2021 WL 5566538 (involving unserved non-forum defendants as well as forum defendants). SSM also seeks to distinguish this action on the basis that it was initially filed in a state judicial district with no electronic filing. (ECF No. 16 at 6.) But while the lack of electronic filing might reduce the risk of gamesmanship by reducing defendants' opportunities for instantaneous monitoring, that factor alone does not reverse the underlying analysis as to the impropriety of snap removal under the statute.

Finally, SSM seems to suggest that by disallowing snap removal under the instant circumstances, the Court will somehow strengthen an avenue for plaintiffs to defeat removal through indeterminate pleadings and delayed service of process. (*Id.* at 11-16.) But uniform application of the forum defendant rule without a pre-service loophole does not unduly incentivize that conduct: Plaintiffs have nothing to gain by delaying service where the forum defendant rule will apply to preclude a defendant from litigating in federal

---

[6]SSM insists that plaintiffs, not defendants, are responsible for taking steps to avoid removal gamesmanship. (ECF No. 16 at 7-8.) But here, SSM cites to portions of decisions where courts have addressed the timeliness of removal and remand, mostly involving circumstances when a defendant is *delayed* in removing due to lack of information that a plaintiff is better positioned to know. *See, e.g., Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (addressing the 30-day removal periods under Section 1446 and finding that removal was not barred where defendants removed outside the normal period because the plaintiff had failed to reveal information that the action was removable); *Casola*, 98 F.4th at 963-64 (noting that the "30-day removal clock only starts ticking once the defendant has been served" and that "a defendant might choose to remove before service," but emphasizing that the court made no finding about the propriety of snap removal, holding only that the plaintiff raised a forum defendant argument before it was too late to do so). Here, by contrast, SSM—with full knowledge of its own forum defendant status from the outset—sought to remove prior to the start of the statutory removal clock, assuming it was in fact never properly served.

court regardless, and where improper service and unclear pleadings may impact a timeliness analysis or be otherwise penalized—including by dismissal of an action in its entirety. In effect, SSM asks the Court to reduce the chance of plaintiffs maintaining unfair advantages by endorsing a separate unfair advantage for defendants; the Court declines to do so. *See also Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (noting that any doubts as to right of removal should be resolved in favor of remand).

In sum, the Court thus finds that SSM's snap removal is impermissible under Section 1441(b)(2), regardless of whether and when SSM was properly served. Accordingly, the Court grants the Motion.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 8) is granted.

It is further ordered that this case is remanded. The Clerk of Court is directed to close the case.

DATED THIS 28th Day of October 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE